29374. HOLTON *v.* THE STATE.

Decided April 9, 1942. Rehearing denied May 13, 1942.

*Alfred Herrington Jr.,* for plaintiff in error.
*George L. Smith 2d, solicitor, I. W. Rountree,* contra.

BROYLES, C. J. The defendant was convicted of trespass by cutting timber on the land of the prosecutrix without her consent. The evidence for the State amply authorized the verdict. No evidence was offered by the accused, but he made a statement to the jury, in which he admitted cutting the timber, but claimed that he did so with the consent of the prosecutrix and under a verbal contract with her. The jury evidently rejected his statement, and believed the testimony of the prosecutrix and the other witnesses for the State. The overruling of the motion for new trial, embracing the general grounds only, was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

### ON MOTION FOR REHEARING.

BROYLES, C. J. Counsel for movant asks for a rehearing of this case because this court in its decision stated that "the defendant was convicted of trespass (cutting timber upon the land of the prosecutrix without her consent)." Counsel says that we overlooked the fact that the statute (Code, § 26-3001), under which the defendant was indicted, declares that the offense of trespass is the "wilful" cutting of timber upon the land of another without the consent of the owner. We agree with counsel that wilfulness is an essential ingredient of the offense; and the indictment in this case charged that the cutting of the timber was wilfully done by the defendant. Unless the evidence showed that the defendant wilfully cut the timber, his conviction was unauthorized. Therefore when this court held that the evidence "amply authorized the verdict," that holding necessarily implied that the jury were authorized to find from the evidence that the cutting of the timber in question by the defendant was a "wilful" cutting. However, to "make assurance doubly sure," we now explicitly state that the defendant was convicted of the offense of wilfully cutting the timber of the prosecutrix upon her land and without her consent; and that the verdict was amply authorized by the evidence.

*Rehearing denied. MacIntyre and Gardner, JJ., concur.*